## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JULIAN BODNARI,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-257-GMS |
| | : | |
| **THOMAS C. CARROLL,** | : | |
| Warden, and **CARL C. DANBERG,** | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In July 2000, the petitioner, Julian Bodnari, was convicted of sixteen charges by a Delaware Superior Court jury: trafficking in cocaine, possession with intent to deliver cocaine, possession of a firearm during the commission of a felony, carrying a concealed deadly weapon, second degree conspiracy, six counts of second degree forgery, criminal impersonation, and various traffic offenses. *See State v. Bodnari*, 2002 WL 32071664, *1 (Del. Super. Ct. Dec. 30, 2002). Bodnari was acquitted of two additional charges of maintaining a vehicle for keeping controlled substances and possession of drug paraphernalia. *Id.* at *1 n.1. In July 2000, Bodnari filed motions for a new trial and for judgment of acquittal, which were denied on June 14, 2002. *State v. Bodnari*, 2002 WL 32071648 (Del. Super. June 14, 2002). Then, in August 2002, Bodnari moved for a new trial based on newly discovered evidence. Superior Court denied that motion on December 20, 2002. *Bodnari*, 2002 WL 32071664. In January 2003, Bodnari was sentenced to thirty-three years of mandatory incarceration followed by probation. Bodnari's

conviction and sentence were affirmed on direct appeal. *Bodnari v. State*, 2003 WL 22880372 (Del. Supr. Dec. 3, 2003).

In June 2004, Bodnari applied *pro se* for postconviction relief under Superior Court Criminal Rule 61. Superior Court denied the motion in February 2005 (*State v. Bodnari*, 2005 WL 589932 (Del. Super. Feb. 28, 2005)), and that decision was affirmed in January 2006. *Bodnari v. State*, 2006 WL 155237 (Del. Jan. 18, 2006). Bodnari's federal habeas petition is dated April 12, 2006. D.I. 1.

<u>Facts</u>

As recited by the state supreme court in *Bodnari*, 2003 WL 22880372 at *1, the relevant facts leading to Bodnari's arrest and conviction were as follows:

> In September 1999, Bodnari was clocked driving a Chevrolet Suburban at 72 miles per hour in a 55 miles per hour zone near Millsboro, Delaware. Delaware State Trooper Andrel Martinez, who was on routine patrol, pulled Bodnari over. As soon as Martinez reached the stopped vehicle and started talking to Bodnari, he smelled a strong odor of marijuana coming from the Suburban. He asked Bodnari and his passenger, Herman Garcia, whether they were smoking marijuana and Garcia eventually responded that he had smoked some earlier in the evening.

> Martinez asked Bodnari, who had identified himself as "Mike Allen," to exit the Suburban. Martinez called for backup and, when another officer and a dog from the K-9 unit arrived, they searched the vehicle, with Bodnari's consent. Martinez eventually found a football-sized object wrapped in tape, as well as a loaded pistol. The large object turned out to be slightly over 1,000 grams of cocaine.

> Both Bodnari and Garcia were charged with trafficking in cocaine, among other offenses. Garcia testified against Bodnari as part of a plea bargain. At trial, Garcia testified that Bodnari asked him to go to Virginia with him to deliver a kilo of cocaine. Garcia obtained the Suburban from a third party, and the cocaine from a friend of Bodnari. The gun belonged to Garcia. On the day of the arrest, Bodnari picked Garcia up at a restaurant, and drove to Garcia's house. There, they transferred the gun and cocaine to the Suburban before departing for Virginia.

<u>Discussion</u>

In his petition for federal habeas relief, Bodnari raises four grounds for relief: (1) the State failed to disclose impeaching and exculpatory evidence regarding Bodnari's co-defendant; (2) ineffective assistance of counsel for failure to investigate and obtain *Brady*[1] material; (3) ineffective assistance of counsel for failure to object to the co-defendant's testimony; and (4) the Superior Court improperly summarily denied Bodnari's postconviction motion without providing him with copies of the responses filed by the State and defense counsel, and without pconducting an evidentiary hearing. (D.I. 2 at 4-5). Bodnari has presented all of his claims for relief to the Delaware Supreme Court either on on appeal from the denial of his postconviction motion, thus exhausting his claims. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Bodnari's claims, however, do not provide a basis for relief.

**Claim 1 – discovery violation**

Bodnari alleges that there was a discovery violation because the State failed to provide defense counsel with all statements Herman Garcia, Bodnari's co-defendant, made to Detective Goode. Specifically, Bodnari asserts that the State failed to provide discoverable information regarding an interview between Garcia and Detective Goode in April 2000 during which Garcia stated that "other people" were involved in the sale of drugs with him. D.I. 2 at 5. Bodnari also complains that Garcia was allowed to present false and misleading testimony regarding the same statement. D.I. 2 at 5. This claim, however, is unavailing.

After finding that a petitioner has exhausted state remedies, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). Although Bodnari presented his discovery claim to the state supreme court on appeal from the denial of his postconviction motion, Bodnari did not comply with state procedural requirements as to this claim. Bodnari presented this claim in his postconviction motion without having presented the issue on direct appeal. *See Bodnari*, 2005 WL 589932 at *1. Under Superior Court Criminal Rule 61(i)(3), any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the petitioner shows cause for the procedural default and actual prejudice or a miscarriage of justice due to a constitutional violation. *See* DEL. SUPER. CT. CRIM. R. 61(i)(3), (5). The Delaware Supreme Court held that because Bodnari had failed to raise this claim on direct appeal, this claim was procedurally barred. *Bodnari*, 2006 WL 155237 at *1 (adopting the reasoning of the court below); *see Bodnari*, 2005 WL 589932 at *1. Bodnari, having failed to comply with Criminal Rule 61(i)(3), failed to comply with the relevant state procedural requirements. *See Lawrie v. Snyder*, 9 F. Supp.2d 428, 451 (D. Del. 1998); *Flamer v. Chaffinch*, 827 F. Supp. 1079, 1087-88 (D. Del. 1993) (finding that Criminal Rule 61(i)(3) is an adequate state ground to preclude federal habeas review), *aff'd*, 68 F.3d 710 (3d Cir. 1995) (*en banc*). Thus, federal habeas review of this claim is barred unless Bodnari establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson v. Snyder*, 988 F. Supp. 783, 804-05 (D. Del. 1997); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules.

4

*McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner "must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982)); *Dawson*, 988 F. Supp. at 804-05.

Bodnari alleges that his trial counsel could not have raised this claim at trial because the prosecutor had not provided the discovery material upon which the claim could be based. D.I. 2 at 10. This explanation of cause for his procedural default does not answer the question of why Bodnari failed to raise this claim on direct appeal. Surely once Garcia had testified, the basis for the claim was available. Moreover, Bodnari cannot establish any prejudice. There is nothing in the record beyond Bodnari's own speculation that the alleged interview took place at all. *See Bodnari*, 2005 WL 589932 at *2-3. Both the prosecutor and trial counsel agreed that all discovery material was provided to the defense prior to trial. *Id.* at *5. There is no basis in fact for Bodnari's allegation. *See Bodnari*, 2002 WL 32071648 at *4-*6 (finding that the alleged interview between Garcia and Detective Goode in April 2000 did not exist). Bodnari's allegation that Goode interviewed Garcia in April 2000 is based on Garcia's testimony that he had talked to Goode again after his September 1999 and March 2000 interviews. *Bodnari*, 2005 WL 589932 at *2. The trial court, however, found that Garcia's reference to the later discussion with Goode actually meant the trial preparation meeting at which no statements were recorded. *Id.*; *Bodnari*, 2002 WL 32071648 at *6. Bodnari has not presented any evidence to rebut the presumption that the state court correctly found that the April 2000 interview did not occur. *See* 28 U.S.C. §

2254(e)(1). Because Bodnari cannot demonstrate either cause or prejudice from his procedural default in the state courts, this claim should be dismissed.

**Claims 2 & 3 – ineffective assistance of counsel**

In his second and third claims for relief, Bodnari asserts that his trial counsel provided ineffective assistance by failing to investigate or review Goode's interview of Garcia on September 20, 1999, and that counsel failed to object to Garcia's testimony at trial. *See* D.I. 2 at 15-19. Specifically, Bodnari claims that his counsel never saw any information about the September 1999 interview or used any information from that interview during cross-examination of Garcia. Further, trial counsel allegedly failed to object to Garcia's testimony "in regard to known facts which would have lead inevitably to the conclusion that Garcia was concealing the names and protecting the identity of drug dealers." D.I. 2 at 17-18. Bodnari, however, is not entitled to relief on the basis of these claims.

Section 104 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2254, restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--
>
>     (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir.

6

2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999) (determining the standard of review governing petitions for a writ of habeas corpus under revised § 2254(d)). Thus, under revised § 2254, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). "A state court decision is contrary to Supreme Court precedent under § 2254(d)(1) where the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005) (citations and internal quotations omitted). A state court decision is an unreasonable application if the court identifies the correct governing legal rule based on Supreme Court precedent but unreasonably applies it to the facts of the particular case. *Id.* (citations omitted). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001).

The clearly established federal law which governs ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984)

and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). In *Strickland*, the United States Supreme Court articulated a two-part test for evaluating an ineffective assistance of counsel claim. First, a petitioner must demonstrate that counsel's performance at trial or on appeal fell below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In evaluating whether counsel performed reasonably, a court "must be highly deferential." *Id*. at 689. Therefore, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (quotation omitted). Second, a petitioner must illustrate that counsel's ineffective performance caused prejudice. *See Strickland*, 466 U.S. at 687. The Third Circuit has stated that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (citing *Strickland*, 466 U.S. at 668); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In this case, the Delaware state courts correctly identified the two-prong *Strickland* standard applicable to Bodnari's ineffectiveness claims. *See Bodnari*, 2005 WL 589932 at *3 & n.4. Thus the state supreme court's denial of the claims was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406; *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005).

Moreover, the state courts reasonably applied the rule to the specific facts of Bodnari's case. *See* 28 U.S.C. § 2254(d)(1). In the first instance, Bodnari claims that his counsel did not listen to the tape of Garcia's September 1999 statement or obtain a transcript or summary. *See* D.I. 2 at 15. The state court, analyzing the claim under the *Strickland* framework, held that Bodnari could not establish any prejudice. Trial counsel acknowledged that he did not listen to the tape or read a transcript. *See Bodnari*, 2005 WL 589932 at *3. Trial counsel, however, reviewed Goode's police report which contained a summary of Garcia's statements. *Id*. The state

8

court found that "Bodnari's appellate counsel obtained the tape, had it transcribed, and concluded that it did not differ in any material way from the summarized version in Goode's police report." *Id.* Although Bodnari complains that his trial counsel failed to properly investigate, he fails to explain how any lack of investigation or failure to listen to the tape of Garcia's September 1999 statement prejudiced him at trial. Because Bodnari was clearly not prejudiced by any act or failure to act of his trial counsel, the state court's rejection of this claim was a reasonable application of United States Supreme Court precedent.

Bodnari's claim that his trial counsel was ineffective because he failed to object to Garcia's testimony is equally unavailing. In effect, Bodnari claims that his trial counsel's cross-examination of Garcia was deficient. *See* D.I. 2 at 18. Bodnari contends that Garcia was "concealing names and protecting the identity of drug dealers which would have exonerated" him. D.I. 2 at 17-18. Apparently, his trial counsel should have objected to this testimony and compelled the production of the names of these "other people." D.I. 2 at 18. The state court, however, found that trial counsel had done "an excellent job of impeaching Garcia's credibility." *Bodnari*, 2005 WL 589932 at *5. There is no basis in the record for Bodnari's claim that his counsel could have compelled the prosecutors to produce the names of other drug dealers. Garcia did tell the police, "using partial names and nicknames, about people who supplied Bodnari with drugs and how Bodnari used other people to deliver and protect the drugs and money." *Id.* That information was in Garcia's statements provided to Bodnari before trial. *Id.* Thus, Bodnari's claim that his counsel could somehow have elicited names of drug dealers who could exonerate him is entirely speculative. *See, e.g., Duncan v. Morton*, 256 F.3d 189, 201-02 (3d Cir. 2001); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991); *Campbell v. Carroll*, 2005 WL 2917466, at *6 (D. Del. Nov. 4, 2005). Consequently, the state court's finding that

9

Bodnari could not establish deficient performance or prejudice as a result of his counselor's failure to object to Garcia's testimony was a reasonable application of the *Strickland* two-pronged test.

## Claim 4 – defective postconviction procedure

Bodnari complains that his due process rights were abrogated by the Delaware Superior Court's failure to provide him with copies of responses to his postconviction motion filed by the State and defense counsel and for dismissing the motion without conducting an evidentiary hearing. D.I. 2 at 19. Bodnari's claim, however, does not provide an independent basis for federal habeas relief. It is well-settled that allegations of error in state postconviction relief proceedings cannot serve as the basis for federal habeas relief. *See Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2005) (quoting *Hassine v. Zimmerman*, 160 F.3d 941, 954-55 (3d Cir. 1998)); *Williams v. Carroll*, 2003 WL 328779, *4 (D. Del. Feb. 12, 2003). Accordingly, Bodnari's complaints that he did not receive a state postconviction evidentiary hearing or receive the responses to his postconviction motion prior to its dismissal are collateral to his conviction and sentence, and are thus not cognizable in a § 2254 petition. *See Hassine*, 160 F.3d at 954-55. This claim should consequently be dismissed.

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Bodnari's suppression hearing, the court's decision on Bodnari's motion to suppress, trial, and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

10

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Del. Bar. ID No. 3759
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
elizabeth.mcfarlan@state.de.us

Date:  September 15, 2006

Not Reported in F.Supp.2d                                                    Page 1
Not Reported in F.Supp.2d, 2005 WL 2917466 (D.Del.)
**(Cite as: 2005 WL 2917466 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Jamar L. CAMPBELL, Petitioner,
v.
Thomas CARROLL, Warden, Respondent.
**No. Civ.A. 03-916-GMS.**

Nov. 4, 2005.
Jamar L. Campbell. petitioner, pro se.

Thomas E. Brown, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware. for respondent.

MEMORANDUM OPINION

SLEET, J.

I. INTRODUCTION

*1 Petitioner Jamar L. Campbell is an inmate at the
Delaware Correctional Center in Smyrna, Delaware.
He has filed the pending petition for a writ of habeas
corpus ("petition") pursuant to 28 U .S.C. § 2254.
(D.I.1.) For the reasons that follow, the court will
dismiss his petition.

II. FACTUAL       AND       PROCEDURAL
BACKGROUND

In December 1999, a probation and parole officer
and a Wilmington police officer were patrolling in
downtown Wilmington as part of Operation Safe
Streets. [FN1] It was 1:30 in the morning when they
observed Campbell standing with a woman on a
sidewalk. Campbell and the woman had their hands
extended toward each other and appeared to
exchange something. The officers stopped their
unmarked patrol car near Campbell and exited the
vehicle. Campbell began to walk away and, with his
right hand, threw an object into the street under a car.
One of the officers retrieved the item, which turned
out to be a single bag filled with 24 individual bags
of crack cocaine. The total weight of the crack was
2.45 grams. The officers arrested Campbell and
charged him with possession with intent to deliver
cocaine and possession of cocaine within 300 feet of

a park. *Campbell v. State,* 801 A.2d 10 (Table), 2002
WL 1472283 (Del. Jun. 27, 2002).

> FN1. Operation Safe Streets is a joint police
> and   probation   program   designed   to
> apprehend offenders who fail to comply
> with the terms of their probation. *See Ayers
> v. Kearney,* 2005 WL 1106078, at *6 n. 3
> (D.Del. May 6, 2005).

During his jury trial in the Delaware Superior Court,
Campbell testified that a coworker dropped him off
on the street after finishing work in Newark.
Campbell said that his house was approximately three
blocks away from where he was arrested, and that he
was en route to visit his aunt and uncle. He testified
that he did not know the woman, and that she had
asked him if he had a light for a cigarette. Campbell
also denied that he was attempting to sell drugs on
the night of his arrest. *Id.*

The jury convicted Campbell of both charges. In
August 2001, the Superior Court sentenced Campbell
to a total of eighteen years incarceration, to be
suspended after serving fifteen years for decreasing
levels of supervision. Campbell appealed, and before
the Delaware Supreme Court issued a mandate, he
filed in the Superior Court a *pro se* motion for new
trial. The Superior Court deferred action on the
motion until the Delaware Supreme Court issued its
mandate. *Campbell v. State,* 813 A.2d 1140 (Table),
2002 WL 31855335 (Del. Dec. 19, 2002). After the
Delaware Supreme Court affirmed Campbell's
convictions and sentences, the Superior Court denied
the motion for new trial. *Id.* at * *1. Campbell
appealed, and the Delaware Supreme Court affirmed
the Superior Court's decision. *Id. See Campbell v.
State,* 813 A.2d 1140 (Table), 2002 WL 31855335
(Del. Dec. 19, 2002).

In September 2003, Campbell filed in this court a
130-page petition for the writ of habeas corpus,
essentially raising seven claims for relief. (D.I.1.)
The State filed an answer, asking the court to dismiss
the petition because six claims are procedurally
barred and one claim does not warrant relief under §
2254(d)(1). (D.I.15.) Campbell filed a reply disputing
the State's argument that six of his claims are
procedurally barred. (D.I.18.)

*2 Campbell's petition is ready for review.

III. GOVERNING LEGAL PRINCIPLES

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2917466 (D.Del.)
(Cite as: 2005 WL 2917466 (D.Del.))

A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002); *see Woodford,* 538 U.S. at 206.

B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F .3d 506, 513 (3d Cir.1997) (citations omitted);

*Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). " 'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." ' *Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004)(citing *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999)).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although the failure to exhaust state remedies may be excused, unexhausted claims are still procedurally defaulted. *Lines,* 208 F.3d at 160. Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192.

*3 Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 861- 62 (3d Cir.1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2917466 (D.Del.)
(Cite as: 2005 WL 2917466 (D.Del.))

*States,* 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002).

C. Standard of Review Under AEDPA

If a federal court determines that a claim is not procedurally defaulted and the state court adjudicated the federal claim on the merits, the court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 412 (2000); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). A claim is considered to have been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties claims, with *res judicata* effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn,* 355 F.3d 233, 247 (3d Cir.2004)(internal citations omitted), *reversed on other grounds by Rompilla v. Beard,*--U.S.--, 125 S.Ct. 2456 (2005).

**\*4** When reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues are correct, unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000).

IV. DISCUSSION

Campbell asserts the following seven grounds for relief in his petition: (1) numerous allegations that defense counsel provided ineffective assistance; (2) prosecutorial misconduct, stemming from the prosecutor's prejudicial remarks made throughout the trial; (3) the trial court erred by not curing the effect

of the improper prosecutorial statements, by permitting suggestive and perjured testimony to occur, by asking Campbell improper and prejudicial questions, and by disclosing Campbell's past record; (4) the State changed the elements of the charges in the indictment, causing a structural defect in the trial, and therefore violated his rights to due process and a fair trial; (5) the State did not prove the elements of the charged offenses beyond a reasonable doubt, and there was insufficient evidence to sustain his convictions; (6) the evidence at trial had been tampered with; and (7) the jury instructions were improper.

The State concedes that Campbell has exhausted state remedies for these claims. [FN2] However, it contends that claims two through seven are procedurally barred from federal habeas review due to Campbell's failure to present the claims to the state courts in the correct procedural manner. The State also contends that Campbell's ineffective assistance of counsel allegations do not warrant federal habeas relief under § 2254(d)(1).

> FN2. The court notes that the State's answer actually characterizes one of the claims as alleging that "the trial judge's questions to Campbell were improper and prejudicial," and cites D.I. 1 at 8-9, 80-93. (D.I.15.) However, because a review of those same pages reveals that Campbell is asserting prosecutorial misconduct (claim two), the court characterizes the claim with the terminology used by Campbell. The court has included the claim regarding the trial judge's improper questions in claim three. Further, the record reveals that Campbell presented his prosecutorial misconduct claim to the Delaware Supreme Court on direct appeal. Thus, the prosecutorial misconduct claim is exhausted.

A. Claim one: ineffective assistance of counsel

In his petition, Campbell asserts the following allegations regarding his counsel's deficient performance: [FN3] (1) counsel failed to subpoena the female with whom Campbell was conversing on the night of his arrest; (2) counsel engaged in a line of questioning that supported the State's allegations and opened the door to the admission of Campbell's past acts; (3) counsel failed to object to: Officer Mark Herron's testimony, the admission of the cocaine where Officer Mark Herron could not state with certainty if it was a plastic bag containing cocaine

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

allegedly thrown by Campbell, the State's assertion that a drug transaction was taking place, and the State's assertion that Campbell was caught selling drugs; the jury instructions; (4) counsel failed to file a pre-trial motion to suppress evidence on the basis of Delaware Rule of Evidence 609 and to challenge the probable cause of arrest warrant; (5) counsel failed to investigate certain mitigating evidence about Campbell's character and background; (6) counsel failed to call any witnesses; (7) counsel failed to investigate whether the female involved in the alleged drug transaction was a police officer, a police informant, or whether she was promised any immunity; (8) counsel failed to move for a mistrial based on prosecutorial misconduct; (9) counsel failed to verify crime scene evidence; (10) counsel failed to hire an investigator to find the female involved in the alleged drug transaction; (11) counsel failed to investigate the lawfulness of the arrest; and (12) counsel failed to develop overall trial strategy. (D.I. 1, at 17-60).

> FN3. The State summarizes Campbell's exhausted ineffective assistance allegations as follows: (1) failure to conduct an adequate investigation; (2) failure to subpoena trial witnesses; (3) failure to make appropriate objections at trial; (4) failure to conduct a proper cross-examination; (5) failure to seek suppression of evidence; (6) failure to challenge the arrest warrant; (7) failure to object to improper jury instructions; and (8) failure to move for a mistrial. (D.I. 15, at 10.) Although the court has construed Campbell's petition as asserting a total of twelve ineffective assistance allegations, the substance of the nine exhausted claims identified by the court actually mirror the substance of the eight exhausted claims identified by the State; allegations one and ten identified by the court actually allege the same deficiency: failure to investigate.

*1. Allegations one-six, eight, ten, and eleven do not warrant relief under § 2254(d)(1)*

**\*5** The record reveals that Campbell exhausted state remedies for allegations one through six, eight, ten, and eleven because he presented them to the Delaware Supreme Court in his post-conviction appeal. (D.I. 11, Appellant's Br. in *Campbell v. State,* No. 297, 2003, pp. 5-20.) The Delaware Supreme Court denied these claims as meritless. Therefore, the court must apply the deferential standard provided by

§ 2254(d)(1) and determine whether Delaware Supreme Court's decision was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

The "clearly established Federal law" which governs ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington,* 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith,* 539 U.S. 510 (2003). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance actually prejudiced the petitioner's case; in other words, there is a reasonable probability that, but for counsel's faulty performance, the outcome of the proceedings would have been different. *Strickland,* 466 U.S. at 687- 88, 692-94; *Marshall v. Hendricks,* 307 F.3d 36, 85 (3d Cir.2002). In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock,* 941 F.2d 253, 259-260; *Dooley,* 816 F.2d at 891-92. Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland,* 466 U.S. at 689.

Here, the Delaware Supreme Court identified *Strickland* as the appropriate standard to apply and analyzed Campbell's ineffective assistance claims within its framework. *Campbell,* 2003 WL 21998563, at \* \*1. Consequently, the state supreme court's denial of Campbell's ineffective assistance of counsel claims was not "contrary to" clearly established Federal law. *Williams,* 529 U .S. at 406 (holding that when a "run-of-the-mill state-court decision applie[s] the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case," the decision is not "contrary to" that precedent).

The court must also determine whether the state court's rejection of Campbell's ineffectiveness claims involved an "unreasonable application of" *Strickland. See* 28 U.S.C. § 2254(d)(1). "The unreasonable application test is an objective one--a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." *Jacobs v. Horn,* 395 F.3d 92, 100 (3d Cir.2005)(citing *Wiggins v. Smith,* 539 U.S. 510, 520-21 (2003)). Rather, a federal habeas court must objectively evaluate the state court

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2917466 (D.Del.)
(Cite as: 2005 WL 2917466 (D.Del.))

decision on the merits and determine whether the state court reasonably applied the correct rule to the specific facts of the petitioner's case. *See Williams,* 529 U.S. at 409, 412- 13; *Matteo,* 171 F.3d at 891.

**\*6** Both the Superior Court and the Delaware Supreme Court denied Campbell's ineffective assistance of counsel claims after finding that Campbell did not establish the requisite prejudice under *Strickland.* As stated by the *Strickland* Court:

> [T]here is no reason for a court deciding an ineffective assistance claim to ... address both components of the inquiry if the defendant makes an insufficient showing on one ... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed.

*Strickland,* 466 U.S. at 697. Thus, the state courts did not unreasonably apply *Strickland* by only focusing Campbell's inability to establish the requisite prejudice.

The court also concludes that the state courts did not unreasonably apply *Strickland* in concluding that defense counsel had not provided ineffective assistance. Campbell's habeas petition only outlines the alleged deficiencies with his counsel's performance; he fails to provide any evidence that trial counsel did anything other than reasonably exercise his professional judgment in acting the way he did.

Further, Campbell's habeas petition fails to substantiate his ineffectiveness claims with concrete allegations of prejudice sufficient to satisfy *Strickland.* For example, Campbell's complaints regarding his counsel's failure to investigate and failure to subpoena witnesses are based upon the fact that the woman present on the night of his arrest did not testify at trial. (D.I. 1, at 17.) However, because the unnamed woman was not taken into custody by police on the night of Campbell's arrest, *Campbell,* 2002 WL 1472283, at \* \*2, any allegation regarding her potential testimony is purely speculative. Therefore, Campbell cannot demonstrate that he was prejudiced by his counsel's failure to investigate this unnamed woman because he cannot show what a "proper" investigation would have produced and that the resulting information would have led to a different result. *U.S. v. Askew,* 88 F.3d 1065, 1073 (C.A.D.C.1996); *Sullivan v. Fairman,* 819 F.2d 1382, 1392 (7th Cir.1987).

Similarly, when a petitioner complains about his counsel's failure to procure unspecified testimony, he must set forth facts to support his contention that the testimony would have made a difference in the outcome of his trial. *See Mayberry v. Petsock,* 821 F.2d 179, 187 (3d Cir.1991). Given the fact that the two arresting officers testified at trial that they saw Campbell throw the crack cocaine into the street, Campbell's vague and conclusory statements fail to demonstrate that "but for" the unnamed woman's speculative testimony, the outcome of his trial would have been different. *See Zettlemoyer v. Fulcomer,* 923 F.2d 284, 298 (3d Cir.1991).

Campbell also fails to establish prejudice for the remainder of his ineffective assistance claims, especially when the claims are viewed in light of the simple and straightforward set of facts. Two officers provided eyewitness testimony that they saw Campbell interacting with an unnamed woman at 1:30 in the morning. As they approached him, they saw Campbell discard a bag containing 24 other bags of crack cocaine packaged for distribution. The officers were only a few feet away from Campbell when he threw the bag containing cocaine into the street. The bag landed under a car, and one officer retrieved it almost immediately.

**\*7** Campbell was the sole witness for the defense. He testified that he did not know the name of the woman to whom he was talking when he was arrested, and he denied that he was selling drugs. He also testified that a coworker dropped him off after work, and that he was en route to visit his aunt and uncle's house nearby when he was arrested. However, Campbell could not remember his uncle's last name and, even though he was only three blocks from his own house when he was arrested, he did not remember the name of the street where he was dropped off.

The jury's guilty verdict demonstrates that they rejected Campbell's story. Although Campbell challenges this conclusion by alleging ineffective assistance of counsel, he fails to show that his trial result would have been different had his counsel acted otherwise. All of Campbell's actions on the night of his arrest occurred within 240 feet of a park. Thus, there was sufficient evidence to sustain the jury's verdict that Campbell possessed the cocaine within 300 feet of a park. Further, the way in which the cocaine was packaged, the total weight of the cocaine (2.45 grams), and Campbell's hasty attempt to discard it at approximately 1:30 in the morning supported an inference that Campbell intended to "deliver" the cocaine.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2917466 (D.Del.)
(Cite as: 2005 WL 2917466 (D.Del.))

Accordingly, Campbell's ineffective assistance of counsel claims do not warrant federal habeas relief under § 2254(d)(1).

### 2. Allegations seven, nine, and twelve are procedurally barred

Campbell did not exhaust state remedies for ineffective assistance of counsel allegations seven, nine, and twelve because he did not present them to the Delaware Supreme Court in his post-conviction appeal. Any attempt now by Campbell to present these allegations in the Superior Court via a new Rule 61 motion would be time-barred under Rule 61(i)(1) and barred as formerly adjudicated under Rule 61(i)(4). Thus, state procedural rules foreclose further state court review of these arguments.

The court must excuse Campbell's failure to exhaust state remedies and treat the allegations as exhausted because further state court review is unavailable. Nevertheless, these allegations are still procedurally defaulted. The court cannot review their merits absent a showing of cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result if the court refrains from reviewing them.

Campbell has not alleged, and the court cannot discern, that any external impediment prevented him from presenting these claims in his state post-conviction appeal. In the absence of cause, the court does not need to address the issue of prejudice. Further, because Campbell does not assert his actual innocence, the miscarriage of justice exception does not apply.

Thus, the court is precluded from reviewing ineffective assistance allegations one through six, eight, and eleven.

### B. Claims Two, Three, Four, Five, Six, and Seven are procedurally barred from federal habeas review

**\*8** The State correctly acknowledges that Campbell exhausted state remedies for claims two through seven because he presented them to the Delaware Supreme Court in his direct appeal. [FN4] Nevertheless, the State contends that federal habeas review is unavailable because the Delaware Supreme Court rejected the claims pursuant to Delaware Supreme Court Rule 8, which constitutes an independent and adequate state procedural ground precluding federal habeas review. Campbell filed a traverse disputing the fact that these claims are

procedurally barred. Specifically, he argues that the Delaware Supreme Court's review for "plain error" under Delaware Supreme Court Rule 8 constitutes an adjudication on the merits for the purposes of § 2254(d)(1). (D.I.18.)

> FN4. Campbell also presented the substance of claims six and seven to the Delaware Supreme Court when he appealed the Superior Court's denial of his motion for new trial. The Delaware Supreme Court affirmed the Superior Court's denial of these claims as time-barred by Delaware Superior Court Criminal Rule 33. The State contends that this denial under Rule 33 also constitutes an independent and adequate state procedural ground precluding federal habeas review of these claims. The court need not address this issue, however, given the fact that these two claims were presented to the Delaware Supreme Court in Campbell's direct appeal, and therefore, they are procedurally barred for the reasons explained in the text of this opinion.

Campbell's argument fails. Delaware Supreme Court Rule 8 provides that "[o]nly questions fairly presented to the trial court may be presented for review." By basing its rejection of Campbell's claims on Rule 8, the Delaware Supreme Court was making a plain statement that its decision rested on state law grounds. *Harris v. Reed,* 489 U.S. 255, 263-65 (1989); *see Ylst v. Nunnemaker,* 501 U.S. 797 (1991). This court has consistently held that Delaware Supreme Court Rule 8 is an independent and adequate state ground precluding federal habeas review. *See Hubbard v. Carroll,* 2003 WL 277252, at \*3 (D.Del. Feb. 5, 2003); *Maxion v. Snyder,* 2001 WL 848601, at \*10 (D.Del. July 27, 2001); *Lawrie v. Snyder,* 9 F.Supp.2d 428, 452-53 (D.Del.1998). Consequently, the court cannot review these claims unless Campbell establishes cause for his procedural default and actual prejudice resulting therefrom, or that a miscarriage of justice will result in the absence of such review. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

Campbell's traverse fails to identify any external factor that impeded his counsel's ability to present these issues to the Superior Court. To the extent Campbell attempts to blame this procedural default on his counsel's alleged ineffective assistance, it fails. Ineffective assistance of counsel can only constitute cause for a procedural default if the attorney's

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2917466 (D.Del.)
**(Cite as: 2005 WL 2917466 (D.Del.))**

assistance was "so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). As previously explained, Campbell has failed to demonstrate that his counsel provided ineffective assistance. Therefore, any alleged failure on his counsel's part in preserving these claims for review in the state courts does not excuse Campbell's procedural default.

To the extent Campbell's failure to preserve these claims for state court review was due to his own erroneous understanding of Delaware's procedural rules, this mistake also does not constitute cause for his procedural default. *See Cristin v. Brennan,* 281 F.3d 404, 420 (3d Cir.2002)("Generally, 'cause' cannot be based on the mere inadvertence of the petitioner or petitioner's counsel to take an appeal").

*\*9* Campbell's failure to establish cause eliminates the court's need to reach the question of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986). Finally, Campbell does not allege that he is actually innocent, nor does he present any colorable evidence of his actual innocence. Thus, Campbell has not demonstrated that a fundamental miscarriage of justice will result from the court's inability to review this claim.

Accordingly, the court will dismiss claims two, three, four, five, six, and seven as procedurally barred from federal habeas review.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484.

The court concludes that Campbell's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Campbell's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

### ORDER
For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Jamar L. Campbell's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I.1.)

2. The court declines to issue a certificate of appealability.

Not Reported in F.Supp.2d, 2005 WL 2917466 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:03cv00916 (Docket) (Sep. 29, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 328779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Dana WILLIAMS, Petitioner,
v.
Tom CARROLL, Respondent.
**No. Civ.A. 02-460-JJF.**

Feb. 12, 2003.

Dana Williams, pro se Petitioner.
Elizabeth R. McFarlan, Deputy Attorney General of
the Delaware Department of Justice, Wilmington,
Delaware, for Repondent.

*MEMORANDUM OPINION*
FARNAN, J.
**\*1** Pending before the Court is Dana Williams' Peti-
tion Under 28 U.S.C. § 2254 for a Writ of Habeas
Corpus by a Person in State Custody (D.I.2). For the
reasons set forth below, the Petition will be denied.

## I. BACKGROUND

In 1999, Williams was convicted by a Delaware Su-
perior Court jury of stalking and non-compliance
with conditions of bond. Subsequently, Williams'
convictions were affirmed on direct appeal. *Williams
v. State,* 756 A.2d 349 (Del.2000). In 2001, Williams
filed a motion for state post-conviction relief in the
Delaware Superior Court pursuant to Rule 61 of the
Superior Court Rules of Criminal Procedure (the
"Rule 61 Appeal"). The Superior Court denied the
motion and Williams appealed. On appeal, Williams
alleged ineffective assistance of trial counsel and ab-
use of discretion by the Superior Court in failing to
conduct an evidentiary hearing on his post-conviction
motion. The Delaware Supreme Court rejected Willi-
ams' claims and affirmed the judgment of the Superi-
or Court. *Williams v. State,* No. 562, 2001 (Del. Apr.
17, 2002). In 2002, Williams filed the instant Petition
for federal habeas relief.

## II. DISCUSSION

By his Petition, Williams raises two grounds for re-

lief: (1) ineffective assistance of trial counsel for fail-
ure (a) to interview witnesses, (b) to investigate his
case, and (c) to adequately communicate with him;
and (2) the state court's abuse of discretion in denying
his request for an evidentiary hearing regarding his
ineffective assistance of counsel claims.

### A. Williams' Ineffective Assistance Of Counsel
Claims

Williams alleges his trial counsel was ineffective be-
cause he failed to interview witnesses, investigate his
case, and adequately communicate with Williams.

A state petitioner seeking federal habeas relief must
exhaust all state court remedies. 28 U.S.C. § 2254(b)
and (c). This exhaustion requirement, which is groun-
ded on principles of comity, ensures that state courts
have an initial opportunity to determine and correct
any violations of a prisoner's federal constitutional
rights. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d
Cir.2000), *cert. denied,* 532 U.S. 980 (2001).

To satisfy the exhaustion requirement, "state prison-
ers must give the state courts one full opportunity to
resolve any constitutional issues by invoking one
complete round of the State's established appellate re-
view process." *O'Sullivan v. Boerckel,* 526 U.S. 838,
845 (1999). To satisfy the exhaustion requirement a
state prisoner must fairly present each of his claims to
the state courts, *Id.* at 844-45, which "requires that
the claim brought in federal court be the substantial
equivalent of that presented to the state courts." *Gib-
son v. Scheidemantel,* 805 F.2d 135, 138 (3d
Cir.1986). A federal claim is not substantially equi-
valent simply because it relies on the same constitu-
tional provision as claims raised in state court. *Id.*
Rather, "the legal theory and the facts on which a
federal claim rests must have been presented to the
state courts." *Id.*

**\*2** In the instant case, Williams raised an ineffective-
ness of counsel claim in his Rule 61 Appeal to the
Delaware Supreme Court. In that appeal, Williams al-
leged that his trial counsel was ineffective because he
failed to interview witnesses and investigate his case.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 328779 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

*See* Appellant's Op. Br. in *Williams,* No. 562, 2001. Thus, the Court concludes that Williams has exhausted his state court remedies as to those ineffectiveness claims. However, Williams, in his Rule 61 Appeal, did not allege that his trial counsel was ineffective for inadequately communicating with him. *See id.* Because Williams did not present the specific facts underlying his ineffectiveness claim for inadequate communication to the state court, this Court concludes that Williams' ineffectiveness claim for inadequate communication is not substantially equivalent to the ineffectiveness claims presented to the state court. As the holding in *Gibson* makes clear, Williams' ineffectiveness claim for inadequate communication is not substantially equivalent to his prior ineffectiveness claims simply because it relies on the same constitutional provision as the prior claims raised in state court. Accordingly, the Court concludes that Williams' ineffectiveness claim for inadequate communication was not fairly presented to the state court. Therefore, the Court further concludes that Williams did not satisfy the exhaustion requirement as to his ineffectiveness claim for inadequate communication.

If a claim has not been fairly presented, and further state court review is procedurally barred, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000), *cert. denied,* 531 U.S. 1082 (2001). Because further state court review of Williams' ineffectiveness claim for inadequate communication is procedurally barred pursuant to Delaware law, *see* Del.Super. Ct.Crim. R. 61(i)(2), the Court deems the exhaustion requirement satisfied.

Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160. A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause and prejudice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). To show cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded compliance with state procedural rules. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). In the instant Petition, Williams has not alleged a cause for his procedural default. Williams was aware of the

facts underlying his ineffectiveness claim for inadequate communication at the time he filed his Rule 61 Appeal and demonstrated the ability to comply with state procedural rules as to his two other ineffectiveness claims. For the above reasons, the Court concludes that Williams has not shown cause for his default. Because Williams cannot show cause, the Court need not address the issue of prejudice. *Smith v. Murray,* 477 U.S. 527, 533 (1986). In sum, the Court concludes that Williams' ineffectiveness claim for inadequate communication is procedurally barred; therefore, the Court will deny Williams' request for federal habeas relief as to that claim.

\*3 Having satisfied the exhaustion requirement, Williams' ineffectiveness claims regarding his trial counsel's failure to interview witnesses and investigate his case must be evaluated under the following standard of review:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
-
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States....

28 U.S.C. § 2254(d). Under this provision, a federal court may issue a writ of habeas corpus only if it finds that a state court decision was either: (1) contrary to clearly established federal law, or (2) involved an unreasonable application of clearly established federal law. *Williams v. Taylor,* 529 U.S. 362, 412 (2000).

The clearly established federal law governing ineffective assistance of counsel claims is set forth in *Strickland v. Washington,* 466 U.S. 668, *reh'g denied,* 467 U.S. 1267 (1984). To establish ineffective assistance of counsel under *Strickland,* a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's deficient performance caused defendant actual prejudice. *Id.* at 687-88, 694. In determining whether counsel's representation was objectively

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 328779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

reasonable, "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To obtain federal habeas relief in the instant case, Williams must show that the Delaware Supreme Court's denial of his appeal was contrary to *Strickland* or involved an unreasonable application of the holding of *Strickland.*

Williams contends his attorney was ineffective because the attorney failed to interview alibi witnesses and failed to adequately investigate the case. The Court, after a thorough review of the state court record, concludes that Williams' attorney was constitutionally effective under the *Strickland* standard. In reaching this conclusion, the Court, in part, relies on the fact that Williams has not explained what his attorney did not investigate and how such investigation would have assisted his defense. In fact, Williams' attorney represented to the trial court that he had conducted a significant amount of investigation and had made a strategic decision not to pursue an incomplete alibi defense. *See State v. Williams,* No. 9511017952, 2001 WL 13335719, at *1-2 (Del.Super.Oct. 25, 2001). Based on this uncontroverted assertion, the Court concludes that counsel's investigation was reasonable. The Court finds that Williams' allegations regarding an alibi witness are vague and unsubstantiated because at no point during the appeal process has he proffered the name of the alibi witness or the substance of the alibi witness' testimony. Additionally, Williams has neither alleged nor established that he informed his attorney of the existence or identity of the alibi witness. This omission, in conjunction with the Court's conclusion that Williams' attorney's investigation (which includes interviewing potential witnesses) was reasonable, leads the Court to conclude that Williams' counsel's performance was reasonable under the circumstances.

**\*4** Even assuming that Williams' counsel's representation fell below an objective standard of reasonableness, the Court concludes that Williams has not demonstrated that he was prejudiced by his attorney's performance. As the trial judge noted, "this was not a close case." *Williams,* 2001 WL 13335719, at *2. The victim knew Williams well and was a highly credible witness against him at trial. *Id.* In short, the

Court concludes that it was not unreasonable for the Delaware Supreme Court to conclude that even if Williams' attorney's performance was deficient, the outcome of the proceedings would have been the same. Therefore, the Court will deny Williams' request for federal habeas relief as to his two exhausted ineffectiveness claims.

### B. DENIAL OF EVIDENTIARY HEARING

Williams contends that the state court abused its discretion by denying Williams' request for an evidentiary hearing regarding his ineffective assistance of counsel claims. Allegations of error in state postconviction relief proceedings, such as those at issue here, cannot serve as the basis for federal habeas relief. *See, e.g., Lazano v. Snyder,* 1996 WL 484832, at *4 (D. Del. Aug. 12 1996) (citing *Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir.1988)). Accordingly, the Court will deny Williams' Petition as to this claim.

### CONCLUSION

For the reasons discussed, Dana Williams' Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2) will be denied.

An appropriate Order will be entered.

### *ORDER*

At Wilmington, this 12th day of February 2003, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:
1. Dana Williams' Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2) is *DENIED.*
2. Because the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2), a certificate of appealability is *DENIED.*

D.Del.,2003.
Williams v. Carroll
Not Reported in F.Supp.2d, 2003 WL 328779 (D.Del.)

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2006, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF.  I also hereby certify that on September 15, 2006, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

> Julian Bodnari
> SBI No. 004290964
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us